**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD FULLER,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-01585<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Edward Fuller brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability benefits under Title II and XVI of the Social Security Act. Transcript, doc. 11-2 at 32. He challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment. *See* Pl.'s Br., doc. 12 at 16. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On March 20, 2023, and April 7, 2023, Fuller applied for disability benefits under Title II and XVI of the Social Security Act, alleging onset

of disability beginning March 7, 2020. Doc. 11-3 at 10, 19. Following an initial denial, Fuller submitted an appeal, requesting a hearing before an ALJ. Doc. 11-4 at 23. The ALJ conducted the hearing and determined that Fuller was not disabled. Doc. 11-2 at 32.

Fuller filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Fuller's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 12, 15, 16) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 8.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;

2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

At step four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. §§ 404.1545(a)(1), 416.945(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C. Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Fuller "has not been under a disability . . . from March 7, 2020, through the date of this decision." Doc. 11-2 at 32. The ALJ determined at the RFC stage that Fuller has the ability "to perform less

than the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). He is capable of frequent postural movements except he can never use ladders, ropes, or scaffolds. He must avoid concentrated exposure to extreme cold, vibration, dangerous machinery, and unprotected heights." *Id.* at 24. The ALJ denied Fuller's disability claim at step five, after considering his "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 31.

On appeal, Fuller argues that the ALJ erred by: (1) failing to fully develop the record; and (2) failing to properly evaluate medical opinion evidence. Doc. 12 at 11, 16. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42

U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In

determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Fuller is disabled, but whether the Commissioner's finding that Fuller is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of

review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Fuller argues that the ALJ erred by: (1) failing to fully develop the record; and (2) failing to properly evaluate medical opinion evidence. Doc. 12 at 11, 16. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ did not fail to develop the record.

Fuller first argues that the ALJ failed to fully develop the record by not obtaining the treatment records of Dr. Rodriguez, his treating podiatrist. *Id.* at 11-12. Specifically, Fuller argues that he informed the ALJ that there were outstanding treatment records from Dr. Rodriguez and requested that the ALJ issue a subpoena to secure these records, but

the ALJ erred when he denied that request. *See id.* at 13. The Court disagrees.

The burden lies with the claimant in the first instance to develop the record regarding his disability because the claimant is in a better position to provide information about his or her own medical condition. *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Only if the evidence before the Commissioner is insufficient does the ALJ have the duty to attempt to obtain additional evidence to determine whether a claimant is disabled. *Id.* at 216. A claimant's complete medical history is defined as "records of the claimant's medical sources for at least 12 months preceding when the claimant filed the application for disability benefit[.]" *Id.* at 215-16 (finding that two and a half years of medical record from a claimant's onset of disability and a consultative examination constituted complete medical history).

Here, the ALJ evaluated Fuller's medical records from 2019 through 2024, spanning five years, including eight medical opinions and prior administrative medical findings. *See* doc. 11-2 at 25-30. This meets

the standard for a "complete medical history." *Money*, 91 F. App'x at 216, citing 20 C.F.R. §§ 404.1512(d) and 416.912(d).

Fuller, however, argues that the ALJ was on notice that the treatment records by Dr. Rodriguez were missing and that he requested that the ALJ subpoena those records. *See* Pl.'s Reply Br., doc. 16 at 3-4. Indeed, the ALJ had asked Fuller for any outstanding records at the hearing. *See* Hr'g Tr., doc. 11-2 at 43. As Fuller was still waiting for Dr. Rodriguez's and other records, the ALJ kept the record open for an additional thirty days after the hearing for Fuller to submit additional evidence. *See id.* Fuller failed to do so. "[I]t is a much sounder policy to require claimants to present all material evidence to the ALJ and prohibit judicial review of new evidence unless there is good reason for not having brought it before the ALJ." *Matthews v. Apfel*, 239 F.3d 589, 595 (3d Cir. 2001). Other than arguing that the ALJ was put on notice of Dr. Rodriguez's records, Fuller fails to provide any good reason for not having brought Dr. Rodriguez's records before the ALJ, even though he was given an extra thirty days to do so.

In fact, Fuller waited until almost a month after the hearing to request the subpoena for additional records. *See* Doc. 11-2 at 19. The ALJ

was entirely justified in declining Fuller's last-minute request for a subpoena, submitted nearly a month after the hearing, because "the request for the subpoena was not done in writing at least ten business days before the hearing date" as required by regulation. Doc. 11-2 at 19, citing 20 C.F.R. 404.950(d)(2) and 416.1450(d)(2).

Neither was the ALJ required to subpoena Dr. Rodriguez's records. Fuller "cannot saddle the ALJ with his own perspective regarding the internal cohesiveness of the treatment notes and then accuse [the ALJ] of failing to develop the record by declining to issue a subpoena." *Torres v. Barnhart*, 139 F. App'x 411, 414 (3d Cir. 2005), citing 20 C.F.R. § 416.1450(d)(1) ("When it is reasonably necessary for the full presentation of a case, an administrative law judge . . . *may* . . . issue subpoenas . . . for the production of . . . documents that are material to an issue at the hearing.") (emphasis added). The ALJ evaluated Fuller's submitted medical history from 2019 through 2024 and was not required to subpoena further records. *See* doc. 11-2 at 25-30; *Money*, 91 F. App'x at 216; *see also Herring v. Colvin*, 181 F. Supp. 3d 258, 269 (M.D. Pa. 2014) (finding that remand was not warranted even if an ALJ failed to develop the record because a claimant failed to show prejudice).

### B. The ALJ properly evaluated the medical opinion evidence.

Fuller next argues that the ALJ erred by failing to adequately consider the consistency and supportability factors in evaluating the medical opinion evidence. Doc. 12 at 16. Specifically, Fuller argues that the ALJ improperly rejected nurse Shultz, physician's assistant Kaleta, and Dr. Rodriguez's opinions. *Id.* at 22.

An administrative judge's burden of articulation is not high. When weighing medical opinions, all that an ALJ must explain are the reasons for the decision. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). "The ALJ may choose which medical evidence to credit and which to reject as long as there is a rational basis for the decision. *Stancavage v. Saul*, 469 F. Supp. 3d 311, 333 (M.D. Pa. 2020), citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). To satisfy the articulation requirements for supportability and consistency, "a judge need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. Instead, it is sufficient for an ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* Here, the ALJ's discussion of nurse Shultz, PA Kaleta, and Dr. Rodriguez's opinions was sufficient.

First, the ALJ's evaluation of nurse Shultz's opinion was supported by substantial evidence. The ALJ explained that nurse Shultz's opinion is not consistent with her own clinical examination findings of "5/5 strength of the upper and lower extremities, a normal stance, and no muscle atrophy of the extremities." Doc. 11-2 at 27. The ALJ further explained that nurse Shultz's opined marked limitations were inconsistent "with additional documented clinical examination findings of normal gait, normal musculoskeletal range of motion, . . . the claimant reported he is staying active, and the claimant was noted to be in no acute distress." *Id.* at 27-28. The ALJ did not err in evaluating nurse Shultz's opinion. *See Grogan v. Comm'r of Soc. Sec.*, 459 F. App'x 132, 139 (3d Cir. 2012) (finding sufficient an ALJ's medical opinion evaluation that found a restrictive opinion inconsistent with the examiner's own treatment records). Likewise, the ALJ's evaluation of P.A. Kaleta's opinion was supported by substantial evidence as the ALJ found Kaleta's opinion to be inconsistent with her own treatment notes and additional documented clinical examination findings. *See* doc. 11-2 at 30; *see also Swank v. O'Malley*, No. 23-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's analysis of the consistency factor where the

ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes).

Finally, the ALJ's evaluation of Dr. Rodriguez's opinion was supported by substantial evidence. The ALJ explained that Dr. Rodriguez's opinion is inconsistent with Fuller's medical records on a longitudinal basis, including clinical examination findings of a "normal gait, a normal stance, no muscle atrophy of the extremities, . . . ." Doc. 11-2 at 30-31. "There was no need to say more than that." *Zaborowski*, 115 F.4th at 640 (finding sufficient articulation of the consistency factor where an ALJ explained how the opinion fit with other evidence of a claimant's condition and treatability).

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: September 4, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge